B1 (Official Form 1)(04/13)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Rosales, Alfredo** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **6049** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **335 S. 4th Street Aurora, Illinois**                                 ZIP CODE **60505** | Street Address of Joint Debtor (No. and Street, City, and State):                                 ZIP CODE |
| County of Residence or of the Principal Place of Business: **KANE** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                                 ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                                 ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                                 ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| [X] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> [ ] Corporation (includes LLC and LLP) <br> [ ] Partnership <br> [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business <br> [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) <br> [ ] Railroad <br> [ ] Stockbroker <br> [ ] Commodity Broker <br> [ ] Clearing Bank <br> [ ] Other | [X] Chapter 7    [ ] Chapter 15 Petition for <br> [ ] Chapter 9      Recognition of a Foreign <br> [ ] Chapter 11    Main Proceeding <br> [ ] Chapter 12    [ ] Chapter 15 Petition for <br> [ ] Chapter 13    Recognition of a Foreign <br>               Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity (Check box, if applicable.) | Nature of Debts (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests: <br><br> Each country in which a foreign proceeding by, regarding, or against debtor is pending: | [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | [X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    [ ] Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| [X] Full Filing Fee attached. <br><br> [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. <br><br> [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: <br> [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). <br> [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). <br> Check if: <br> [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*). <br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - <br> Check all applicable boxes: <br> [ ] A plan is being filed with this petition. <br> [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors. <br> [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| [X] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [X] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [X] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                    Rosales, Alfredo

| Voluntary Petition | | |
|---|---|---|
| *(This page must be completed and filed in every case.)* | | |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed:  NONE | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:  NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  __s//s/Stephanie K. Low_____  __October 16, 2013__<br>Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

X  s/Alfredo Rosales

Signature of Debtor  **Alfredo Rosales**

X _____

Signature of Joint Debtor

Telephone Number (if not represented by attorney)

**October 16, 2013**

Date

X _____

(Signature of Foreign Representative)

_____

(Printed Name of Foreign Representative)

_____

Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X  s//s/Stephanie K. Low

Signature of Attorney for Debtor(s)
**Stephanie K. Low**
Printed Name of Attorney for Debtor(s)
**Serrano, Low & Hanson**
Firm Name

**431 Williamsburg Ave**
**Geneva, Illinois 60134**
Address
**(630) 844-8781**
Telephone Number
**October 16, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

Address

X _____

Signature

_____

Date

| Signature of Debtor (Corporation/Partnership) | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B6A (Official Form 6A) (12/07)

**In re  Alfredo  Rosales,**                                            **Case No.**  _____
                           **Debtor**                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Principal residence located at 335 S. 4th Street, Aurora, IL 60505.  Purchased in January 2011 for $91,000.00 | Fee Owner | | $95,000.00 | $86,593.00 |
| | | Total ▶ | $95,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re **Alfredo  Rosales,**_____   Case No. _____

Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | | $2.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | bank account at Chase ending in 0758 | | $200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | 3 bedroom home:  3 beds, kitchen table and 6 chairs, sofa sectional, 3 old tv's ; laptop computer given to his sons by the school district | | $800.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | household clothing for debtor and 2 minor sons | | $100.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **Alfredo  Rosales,**_____     Case No. _____
                              **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Mercedes Benz driven by debtor  with 113000 miles | | $11,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **Alfredo  Rosales,**_____     Case No. _____
                                    **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>2</u> continuation sheets attached        Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

$12,102.00

B6C (Official Form 6C) (04/13)

**In re  Alfredo  Rosales,**                                                          Case No. _____
         _____
                    **Debtor**                                                                        **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Principal residence located at 335 S. 4th Street, Aurora, IL 60505.  Purchased in January 2011 for $91,000.00 | 735 ILCS 5/12-901 | $8,407.00 | $95,000.00 |
| Cash | 735 ILCS 5/12-1001(b) | $2.00 | $2.00 |
| bank account at Chase ending in 0758 | 735 ILCS 5/12-1001(b) | $200.00 | $200.00 |
| 3 bedroom home:  3 beds, kitchen table and 6 chairs, sofa sectional, 3 old tv's ; laptop computer given to his sons by the school district | 735 ILCS 5/12-1001(b) | $800.00 | $800.00 |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re **Alfredo  Rosales** _____ ,    Case No. _____

 **Debtor** (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4801**<br>**Aurora Financial**<br>**24 E. Downers**<br>**Aurora, IL 60507** | | | 2013-03-25<br><br>**2002 Mercedes Benz driven by debtor  with 113000 miles**<br><br>VALUE $  **$11,000.00** | | | | **$14,057.00** | **$3,057.00** |
| ACCOUNT NO.**7199**<br>**Wells Fargo Home Mortgage**<br>**8480 Stagecoach Cir**<br>**Frederick, MD 21701** | | | 2011-01<br>mortgage on principal residence<br><br>Principal residence located at 335 S. 4th Street, Aurora, IL  60505. Purchased in January 2011 for $91,000.00<br><br>VALUE $    **$95,000.00** | | | | **$86,593.00** | |

____**0**____ continuation sheets attached

Subtotal ►
(Total of this page)

Total ►
(Use only on last page)

| | $        **100,650.00** | $        **3,057.00** |
|---|---|---|
| | $        **100,650.00** | $        **3,057.00** |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

**In re** __Alfredo  Rosales_____,          **Case No.**_____
                          Debtor                                          *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

[ ] **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* *Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____0_____ continuation sheets attached

In re  **Alfredo  Rosales**_____,    Case No. _____
                        Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    0896 <br><br> **Beneficial/hfc** <br> **PO Box 3425** <br> **Buffalo, NY 14240** | | | **2006-12-29** <br><br> **Credit card used in the purchase of day to day necessities** | | | | **$6,113.00** |
| **ACCOUNT NO.**    4279 <br><br> **Diversified Svs Group** <br> **1824 W Grand Ave Ste 200** <br> **Chicago, IL 60622** | | | **2011-01** <br><br> **Collection for Rush Copley Hospital** | | | | **$274.00** |
| **ACCOUNT NO.**    9325 <br><br> **GECRB/JC Penny** <br> **Po Box 965007** <br> **Orlando, FL 32896** | | | **2007-08** <br><br> **clothing/ other necessities from JCPenney** | | | | **$252.00** |
| **ACCOUNT NO.** <br><br> **Rush Copley Billing Services** <br> **2000 Ogden ave** <br> **Aurora, IL 60504** | | | **2012** <br><br> **debtor may have outstanding invoices with Rush Copley** | | | | **Unknown** |
| | | | | | | Subtotal▶ | $     **6,639.00** |

__1__ continuation sheets attached

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) Cont.

In re **Alfredo  Rosales** _____,    Case No. _____
       **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 1136 <br><br> Sears/cbna <br> Po Box 6282 <br> Sioux Falls, SD 57117 | | | 2011-05 <br><br> **Sears CreditCard** | | | | $796.00 |
| **ACCOUNT NO.** 6236 <br><br> **The Bureaus Inc.** <br> **1717 Central St** <br> **Evanston, IL 60201** | | | 2012-06 <br><br> **Collections for  Capital One credit, usedin the purchase of day to day necessities** | | | | $3,908.00 |
| **ACCOUNT NO.** 4335 <br><br> **TMobile** <br> **PO Box 742596** <br> **Cincinnati, OH 45274-2596** | | | 01/2013 <br><br> **cell phone service** | | | | $894.00 |
| **ACCOUNT NO.** 5631 <br><br> **Total Finance** <br> **2917 W Irving Park** <br> **Chicago, IL 60618** | | | 2013-01-24 <br><br> **Vehicle loan for 2005 GMC Denali  (repossessed 09/2013)** | | | | $17,953.00 |

Sheet no. __1__ of __1__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **23,551.00**

Total▶  $  **30,190.00**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **Alfredo  Rosales,**                                                    Case No. _____
                           **Debtor**                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re **Alfredo  Rosales,**_____   Case No. _____
                                    **Debtor**                                            **(if known)**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**B6I (Official Form 6I) (12/07)**

In re   <u>Alfredo  Rosales,</u>                         Case No. _____
         **Debtor**                                                      **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| **Widowed** | RELATIONSHIP(S): | **AR, son and FR, son** | AGES(S): | **12 and 11** |
| **Employment:** | DEBTOR | | SPOUSE | |
| Occupation | **Warehouse Supervisor** | | | |
| Name of Employer | **Valu City Furniture (American Signature Inc)** | | | |
| How long employed | **15 years** | | | |
| Address of Employer | **4300 East Fifth Ave** **Columbus, OH 43219** | | | |

INCOME: (Estimate of average or projected monthly income at time case filed)                        DEBTOR                        SPOUSE

| | | | | | |
|---|---|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **3,059.00** | $ | |
| 2. | Estimate monthly overtime | $ | **0.00** | $ | |
| 3. | SUBTOTAL | $ | **3,059.00** | $ | |
| 4. | LESS PAYROLL DEDUCTIONS | | | | |
| | a. Payroll taxes and social security | $ | **417.00** | $ | |
| | b. Insurance | $ | **186.00** | $ | |
| | c. Union dues | $ | **0.00** | $ | |
| | d. Other (Specify): | $ | **0.00** | $ | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **603.00** | $ | |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ | **2,456.00** | $ | |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ | | $ | |
| 8. | Income from real property | $ | | $ | |
| 9. | Interest and dividends | $ | | $ | |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ | |
| | | $ | **0.00** | $ | |
| 12. | Pension or retirement income | $ | | $ | |
| | | $ | **0.00** | $ | |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ | **2,456.00** | $ | |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (combine column totals from line 15) | $ | **2,456.00** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.   Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B 6J (Official Form 6J) (12/07)

In re **Alfredo Rosales,**                                          Case No. _____
                        **Debtor**                                                  **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | $987.00 |
| | a.   Are real estate taxes included?  Yes __X__  No _____ | |
| | b.   Is property insurance included?  Yes __X__  No _____ | |
| 2. | Utilities:   a.   Electricity and heating fuel | $90.00 |
| | b.   Water and sewer | $26.00 |
| | c.   Telephone | $99.00 |
| | d.   Other _____ | $_____ |
| 3. | Home maintenance (repairs and upkeep) | $100.00 |
| 4. | Food | $400.00 |
| 5. | Clothing | $50.00 |
| 6. | Laundry and dry cleaning | $10.00 |
| 7. | Medical and dental expenses | $0.00 |
| 8. | Transportation (not including car payments) | $200.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | $50.00 |
| 10. | Charitable contributions | $0.00 |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | |
| | a.   Homeowner's or renter's | $0.00 |
| | b.   Life | $0.00 |
| | c.   Health | $0.00 |
| | d.   Auto | $90.00 |
| | e.   Other _____ | $_____ |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $_____ |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| | a.   Auto | $351.00 |
| | b.   Other _____ | $_____ |
| 14. | Alimony, maintenance, and support paid to others | $0.00 |
| 15. | Payments for support of additional dependents not living at your home | $0.00 |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | $0.00 |
| 17. | Other _____ | $_____ |
| 18. | AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $   2,453.00 |

19.   Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: ***Expense anticipated change TE***

20.   STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $   2,456.00 |
| b. | Average monthly expenses from Line 18 above | $   2,453.00 |
| c. | Monthly net income (a. minus b.) | $   3.00 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

In re **Alfredo  Rosales**

_____,
Debtor

Case No. _____

Chapter **7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $   95,000.00 | | |
| B - Personal Property | | | $   12,102.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $   100,650.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $   0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $   30,190.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $   2,456.00 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $   2,453.00 |
| TOTAL | | 0 | $   107,102.00 | $   130,840.00 | |

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In re: Alfredo  Rosales _____   Case No _____
                     Debtor                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1.  Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| Debtor: | | |
| | Current Year (2013): | |
| | $23,041.00 | Employment thru 08/22 |
| | Previous Year 1 (2012): | |
| | $46,028.26 | Employment |
| | Previous Year 2 (2011): | |
| | $40,133.00 | Employment |
| Joint Debtor: | | |
| | N/A | |

**2.  Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| | | |

**3. Payments to creditors**

***Complete a. or b., as appropriate, and c.***

None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of

☒ goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:

None
☒ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: Total Finance LLC 2917 West Irving Park Road Chicago, IL 60618-3511 | 08/2013 | 2005 GMC Yukon Value: $0.00 |

---

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None ☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

---

**8. Losses**

None ☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

---

**9. Payments related to debt counseling or bankruptcy**

None ☒

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**10. Other transfers**

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                          NAME USED                          DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME              NAME AND ADDRESS              DATE OF              ENVIRONMENTAL
AND ADDRESS           OF GOVERNMENTAL UNIT      NOTICE                LAW

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME              NAME AND ADDRESS              DATE OF              ENVIRONMENTAL
AND ADDRESS           OF GOVERNMENTAL UNIT      NOTICE                LAW

None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with

☒    respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a
     party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☒
a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

    *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

    *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☒
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☒
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy
case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the
books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                          ADDRESS

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

---

**20. Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

DOLLAR AMOUNT
OF INVENTORY
(Specify cost, market or other
DATE OF INVENTORY          INVENTORY SUPERVISOR          basis)

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

NAME AND ADDRESSES
OF CUSTODIAN
DATE OF INVENTORY          OF INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

None
☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

**22. Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS |  | AMOUNT OF MONEY |
| OF RECIPIENT, | DATE AND PURPOSE | OR DESCRIPTION |
| RELATIONSHIP TO DEBTOR | OF WITHDRAWAL | AND VALUE OF PROPERTY |

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  October 16, 2013 _____      Signature
of Debtor      s/Alfredo  Rosales _____

Date  _____      Signature of
Joint Debtor
(if any)      _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re   Alfredo Rosales _____     Case No. _____
      Debtor                                 Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
| --- | --- |
| **Creditor's Name:**<br>Aurora Financial | **Describe Property Securing Debt**:<br>2002 Mercedes Benz driven by debtor with 113000 miles |

Property will be *(check one)*:
        ☐ Surrendered         ☒ Retained

If retaining the property, I intend to *(check at least one)*:
        ☐ Redeem the property
        ☒ Reaffirm the debt
        ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
        ☐ Claimed as exempt         ☒ Not claimed as exempt

| Property No. 2 | |
| --- | --- |
| **Creditor's Name:**<br>Wells Fargo Home Mortgage | **Describe Property Securing Debt**:<br>Principal residence located at 335 S. 4th Street, Aurora, IL 60505. Purchased in January 2011 for $91,000.00 |

Property will be *(check one)*:
        ☐ Surrendered         ☒ Retained

If retaining the property, I intend to *(check at least one)*:
        ☐ Redeem the property
        ☐ Reaffirm the debt
        ☒ Other. Explain retain and pay.

Property is *(check one)*:
        ☐ Claimed as exempt         ☒ Not claimed as exempt

B 8 (Official Form 8) (12/08)

Page 2

**PART B –** Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: October 16, 2013                          s/Alfredo  Rosales

_____

Signature of Debtor


_____

Signature of Joint Debtor

B 203
(12/94)

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS

In re

**Alfredo  Rosales**

Case No. _____

**Debtor**

Chapter  **7**  _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,407.00** _____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,407.00** _____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00** _____

2. The source of the compensation paid to me was:

   ☐ Debtor            ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor            ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

   d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e.  [Other provisions as needed]

**flat fee 1407 includes:  lawyer, filing, credit report and 2 classes through hummingbird.org**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| | |
|---|---|
| **October 16, 2013** | **s//s/Stephanie K. Low** |
| *Date* | **Stephanie K. Low** |
| | *Signature of Attorney* |
| | **Serrano, Low & Hanson** |
| | *Name of law firm* |

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re  Alfredo  Rosales _____         Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of:

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   _Armando Rosales_

Date: _10/11/13_

2

*AS*

# Aguiñaga, Serrano & Low

### Attorneys at Law

Deanna L. Aguiñaga
Lidia E. Serrano
Stephanie K. Low

340 N. Lake Street, 2nd Fl
Aurora, Illinois 60506
Phone (630) 844-8781
Fax (630) 844-8789
www.as-firm.com
law@as-firm.com

## CONTRACT FOR THE DELIVERY OF LEGAL SERVICES
## BANKRUPTCY FILING

Nature of Service: Chanter 7 Bankruptcy

By this agreement, I, _Alfredo Rosales_, authorize Aguiñaga, Serrano & Low, Attorneys at Law, to act as my legal representative in my chapter 7 bankruptcy to be filed in _Kane_ County, Illinois. I hereby further state that:

1. I have furnished all the facts in the matter to the best of my knowledge and further agree to cooperate in providing my attorney with any and all information necessary for her to proceed with this matter. I authorize my attorney to withdraw from representing me should I fail to cooperate with her.

2. I understand that no promises have been made to me regarding the outcome of this matter.

3. I agree to pay to ~~Deanna L. Aguiñaga~~ _Stephanie Low 1000. + costos_ a ~~$1,500.00~~ flat attorney fee which includes **preparation of the bankruptcy Petition listing up to 25 creditors (creditors in excess of 25 may result in an additional fee), attendance at the 341 meeting, up to 3 reaffirmation agreements. In addition to attorney fees I will pay the following actual costs: filing fee ($299.00), credit counseling course ($49.00-$80.00 depending on service used), debtor's financial education course ($19/$70 or $38/$140 depending on service used), and obtaining credit report ($30.00/$50.00).** An initial deposit of $750.00 is required to begin preparation of the Petition. All funds must be paid in full prior to the filing of the bankruptcy case. I understand that the monies paid are not a fee deposit and will not be placed in a segregated client trust account.

4. I understand that my attorney will perform the following legal work for the flat fee, and will only charge me additional fees under the terms and conditions of paragraph 4 and 5 of this agreement:

A. Review my records and prepare my bankruptcy petition and schedules for filing; however, if a bankruptcy proceeding is not filed in my case after reviewing my records, my attorney will charge me her normal hourly rate as described in paragraphs 4 and 5 of this agreement for said review and return any remaining funds;

B. File my bankruptcy petition and schedules;

_$140 Total_

(4) Computer-aided legal research fees, computer data base access and connection charges;

7. I understand that my records will be reviewed and my petition and schedules will be prepared for my signature when my attorney is paid 1/2 of the retainer fee set forth above. I also understand that if I do not choose to proceed with my case after the petition and schedules are prepared, my attorney will be entitled to be reimbursed at her normal hourly rate for work performed. I understand that the remaining 1/2 of my retainer fee and filing fee must be paid before the petition and schedules are filed by my attorney with the court.

8. In the case of a chapter 13 filing, I understand and agree that in certain instances, my attorney will be compensated by me with payments from the trustee pursuant to court order under the terms of my reorganization plan.

9. I authorize my attorney to withdraw from representing me if I am more than 60 days delinquent in paying her fees I may owe.

10. I understand that in the event of my non-cooperation or material breach of this agreement (including the non-payment of any fees set forth above), the Attorney may withdraw from representation upon sending a letter via first class mail to the address provided by me, advising me of my attorney's intent to withdraw.

11. In the event that it is ever necessary for Attorney Deanna L. Aguiñaga to bring a collection action against me to collect any fees that I may owe to her, I agree that I will also pay to her reasonable attorneys fees for having to bring said collection action in addition to the fees that are the subject of the collection action.

**AGREED:**

Dated this _____ day of ___8/7/13___ 2009

By Debtor: _Alferto Rosales_

$1407.00 total ch 7

By Spouse: _____

By Attorney Deanna L. Aguiñaga: _____

C. Represent me at the first meeting of creditors, confirmation hearing on my bankruptcy plan (if required), and at my reaffirmation hearing (if held and if required);

D. Review all reaffirmation agreements prepared by creditors, and advise me as to such agreements;

E. Handle inquires by my creditors relative to my case.

5. I understand that my attorney will charge me additional fees for the following legal work, at her normal hourly charge of $200.00 per hour:

A. Corrections and changes made to the bankruptcy petition, schedules and plan after filing caused by inadvertence or error on my part;

B. Preparation and negotiation of reaffirmation agreements with my creditors (there is no charge to review the agreement if the agreement is prepared by my creditor);

C. All motions and adversary proceedings filed by any of my creditors, the trustee or any other third party;

D. All motions and adversary proceedings that must be filed by my attorney for the administration of my case, such as motions to avoid certain liens;

E. Any meetings of creditors or meetings with the trustee held after or continued from the first meeting of creditors;

F. All other legal work performed by my attorney in connection with my case and not otherwise described in this agreement.

6. I understand that my attorney's hourly rate, if charged by my attorney as described in paragraph 4 above, will be charged to me as follows:

A. Attorney time includes, but is not limited to telephone calls to and from myself, telephone calls by my attorney to other attorneys or persons necessary to contact regarding my case, as my attorney deems necessary; preparation of letters, legal documents, legal research, review of letters and other documents related to my case, travel time and court time. I further understand that the following minimum standard charges will apply to my case:

(1) Minimum charge for each telephone call: .20 hour;

(2) Minimum charge for court appearance: 1.0 hour;

B. All costs and expenses incurred by my attorneys for this matter. I understand that my attorney will incur no costs in excess of $25.00 without first consulting with me. I understand that my attorney will not advance any such costs on my behalf, and I agree to advance such costs as may be necessary to my attorney on her request. Costs include, but are not limited to, the following expense items:

(1) Filing fees, service of process fees and other court and administrative agency fees;

(2) Photocopy, postage, delivery service fees and courier fees;

(3) Court reporter fees, deposition fees and transcript fees;